Opinion issued October 23, 2003




















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-01085-CR
____________
 
JOSEPH BERNARD HARRIS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 804675
 

 
 
MEMORANDUM OPINION
          Appellant, Joseph Bernard Harris, pleaded guilty to aggravated robbery, and
a jury assessed his punishment at confinement for 15 years. The Fourteenth Court of
Appeals subsequently remanded the case to the trial court for a new punishment
hearing.


 On remand, appellant elected to have the trial court assess punishment. 
After a new punishment hearing, the trial court assessed appellant’s punishment at
confinement for 15 years. In two points of error, appellant contends that the trial
court erred in assessing a sentence that violated his constitutional rights against cruel
and unusual punishment.


 We affirm.
Facts
          In the punishment hearing, Savruddin Virani, the complainant, testified that on
February 5, 1999, he was the manager of a Get-N-Go convenience store in Humble,
Texas. At approximately 10:00 a.m., appellant and another man, Roederick Walker,
burst into the store; appellant was armed with a .12 gauge shotgun, and Walker was
armed with a handgun. Walker approached the counter, pointed his gun at the
complainant, and demanded money. Meanwhile, appellant stood guard at the front
door with his shotgun pointed at the complainant. The complainant complied with 
Walker’s demands and handed over approximately $700 in cash. Appellant and
Walker then fled from the scene of the crime.
          Katrina Hypolite, a customer, testified that she saw appellant and Walker enter
the convenience store with their weapons. After the robbery, appellant approached
her, pointed his shotgun at her, and told her that “[she] didn’t see anything and [she]
wasn’t saying anything.”
          Humble Police Officer K. Love testified that, while he was on patrol, he heard
a police broadcast stating that the robbery suspects had fled to an apartment complex
behind the convenience store. Love went to the complex and saw two men matching
the suspects’ descriptions entering an apartment. Love and another officer knocked
on the door of the apartment. Their knock was answered by an unidentified man,
who, when asked where the suspects were, pointed to the back bedroom. The officers
found appellant and Walker hiding in the back bathroom, where the officers also
recovered the weapons used in the robbery, shotgun shells, ammunition, and $729 in
cash.
Cruel and Unusual Punishment
          In appellant’s two points of error, he argues that his punishment was cruel and
unusual because it was not proportional to the offense. He asserts that he should have
received a lesser punishment because he pleaded guilty, took full responsibility for
his part in the robbery, and had no prior felony convictions.
          However, appellant failed to preserve error in the trial court. To preserve a
complaint for appellate review, a party must have presented to the trial court a timely
request, objection, or motion, stating the specific grounds for the ruling he desired the
court to make if the specific grounds were not apparent from the context. Tex. R.
App. P. 33.1(a)(1)(A). Without proper preservation, even constitutional error may be
waived. Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000); Draughon v.
State, 831 S.W.2d 331, 336 (Tex. Crim. App. 1992). Here, there is nothing in the
record to indicate that appellant presented his claim to the trial court. He did not
object to his punishment at the punishment hearing, nor did he challenge it with a
motion for a new trial. Accordingly, appellant waived any error by the trial court in
assessing his punishment. See Solis v. State, 945 S.W.2d 300, 302 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d). Moreover, appellant has waived
proportionality review by failing to provide evidence of sentences in similar cases for
comparison. See McGruder v. Puckett, 954 F.2d 315, 316 (5th Cir. 1992); Simmons
v. State, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref’d).
          We overrule appellant’s first and second points of error.

Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).