Opinion issued September 30, 2004



     












In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-01354-CR
          01-03-01355-CR




XAVIER DESHON FRANKLIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause Nos. 948255 & 948256




MEMORANDUM OPINION

          Appellant, Xavier Deshon Franklin, pleaded guilty without an agreed
punishment recommendation to two charges of aggravated robbery. After a
presentence-investigation report was completed, the trial court found appellant guilty
and assessed punishment at 10 years’ confinement on each charge. We affirm.
CRUEL AND UNUSUAL PUNISHMENT
          In his first point of error, appellant contends that his 10-year sentences
constitute “cruel and unusual” punishment in violation of Article I, section 13 of the
Texas Constitution and the Eighth Amendment of the United States Constitution. 
However, appellant never raised this objection, either at the time punishment was
assessed or in a motion for new trial. As such, he waived his right to complain about
cruel and unusual punishment on appeal. See Curry v. State, 910 S.W.2d 490, 497
(Tex. Crim. App. 1995); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston
[1st Dist.] 1997, pet. ref’d).
          Accordingly, we overrule point of error one.
INEFFECTIVE ASSISTANCE OF COUNSEL
          In point of error two, appellant contends that he received ineffective assistance
of counsel in violation of the Sixth Amendment of the United States Constitution. 
Specifically, appellant contends that he was “tricked into pleading guilty by trial
counsel.” Appellant alleges that his mother left a message on trial counsel’s
answering machine informing him that appellant wished to withdraw his guilty plea,
but that counsel never moved to withdraw appellant’s plea.
          To prove ineffective assistance, a defendant must show, by a preponderance of
the evidence, that (1) counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment and (2) there is a
reasonable probability that, but for counsel’s error or omission, the result of the
proceedings would have been different. Strickland v. Washington, 466 U.S. 668,
687-96, 104 S. Ct. 2052, 2064-69 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999). The defendant must overcome the strong presumption that
the challenged action might have been sound trial strategy. Thompson, 9 S.W.3d at
813. We will not speculate to find trial counsel ineffective when the record is silent
as to counsel’s reasoning or strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Accordingly, assertions of ineffective
assistance of counsel must be firmly founded in the record. Bone v. State, 77 S.W.3d
828, 835 (Tex. Crim. App. 2002).
          Nothing in the record, either during the course of the trial or in a motion for
new trial, supports appellant’s allegation that he was “tricked into” pleading guilty. 
Because appellant’s allegation of ineffective assistance of counsel is not “firmly
founded” in the record, we overrule point of error two.
 
 
 
CONCLUSION
          We affirm the judgments.
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. Tex. R. App. 47.2(b).