Opinion issued February 24, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00166-CR




SHAMAR COLLINS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 789860




MEMORANDUM OPINION

          Appellant, Shamar Collins, pleaded no contest to aggravated robbery in 1998. 
On November 5, 1998, the trial court deferred a finding of guilt, placed appellant on
deferred adjudication community supervision for five years, and assessed a $500 fine
pursuant to appellant’s plea agreement with the State. The State filed a motion to
adjudicate guilt on August 25, 2003. Appellant pleaded not true to the allegations. 
After finding the allegations to be true, the trial court found appellant guilty and
assessed his punishment at five years imprisonment and a fine of $500. In two points
of error, appellant argues that the punishment violates his federal and state
constitutional rights against cruel and unusual punishment. 
          We affirm.
Analysis
          In his first and second points of error, appellant argues that the sentence
assessed by the trial court was not proportionate to the offense originally charged, in
violation of his federal and state constitutional rights against cruel and unusual
punishment. 
          The State argues that appellant has waived his complaint because it was not
asserted during adjudication proceedings. To preserve error for appellate review, the
appellant must make a timely, specific objection, at the earliest opportunity, and
obtain an adverse ruling. See Tex. R. App. P. 33.1(a). Constitutional rights,
including the right to be free from cruel and unusual punishment, may be waived. 
Curry v. State, 910 S.W.2d 490, 497–98 (Tex. Crim. App. 1995) (holding that
complaint of cruel and unusual punishment is waived if not raised in trial court); Solis
v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). 
Appellant did not raise his appellate argument at anytime during the adjudication
proceedings. Accordingly, we hold that appellant has waived his complaint. See
Tex. R. App. P. 33.1(a).
          We overrule appellant’s first and second points of error.
Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).