Opinion issued November 10, 2005







In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00067-CR




 CLINTON GARNER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 965664




MEMORANDUM OPINION
          Appellant, Clinton Garner, pleaded guilty, with an agreed recommendation by
the State, to the offense of driving while intoxicated and also pleaded true to two
enhancements paragraphs for prior convictions for the same offense. The trial court
found appellant guilty and placed him on community supervision for five years and
assessed a $300 fine. After appellant violated the terms of his supervision, the State
filed a Motion to Revoke Community Supervision. Appellant pleaded true to the
State’s motion without an agreed recommendation by the State as to punishment. The
trial court revoked appellant’s community supervision and assessed punishment at
confinement for three years and a fine of $300. We affirm.
DISCUSSION
          Appellant, in two points of error, contends that the trial court erred in assessing
punishment at three years confinement and a fine of $300 because the punishment
violated his federal and state constitutional right against cruel and unusual
punishment. 
          At the hearing on the Motion to Revoke Supervision, appellant did not object
that the sentence imposed by the trial court violated either his state or federal
constitutional right against cruel and unusual punishment. “As a prerequisite to
presenting a complaint for appellate review, the record must show that the complaint
was made to the trial court by a timely . . . objection . . . that stated the grounds for
the ruling that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint, unless the specific grounds
were apparent from the context.” Tex. R. App. P. 33.1(a)(1)(A). Even “constitutional
error may be waived by failure to object at trial.” Broxton v. State, 909 S.W.2d 912,
918 (Tex. Crim. App. 1995). Failing to raise a specific objection that the punishment
assessed violates one’s right against cruel and unusual punishment results in waiver
of that issue on appeal. Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995);
see also Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997,
pet. ref’d) (holding same).
          Accordingly, we overrule appellant’s two points of error and affirm the
judgment. 
  
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).