

## NUMBER 13-07-00060-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

**TOM HALL, JR.,**                                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                     **Appellee.**

## On appeal from the 319th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Benavides
### Memorandum Opinion by Justice Benavides

Appellant, Tom Hall, Jr., appeals from a plea of guilty and a trial-court-imposed sentence of five years in prison. *See* TEX. PENAL CODE ANN. §§ 49.04 (Vernon 2003), 49.09(b)(2) (Vernon Supp. 2008). On appeal, Hall raises one issue. We affirm.

## I. BACKGROUND

On January 20, 2006, Hall was arrested for driving while intoxicated. *See id.* § 49.04. Hall was stopped by the police after he made contact with the bumper of a motorcyclist who was stopped in traffic. Hall's blood-alcohol level was 0.24 grams of alcohol per 100 milliliters, which is three times the legal limit. *See id.* § 49.01(2)(B) (Vernon 2003).

On January 10, 2007, the trial court held a hearing on Hall's guilty plea. Hall testified that he suffers from post-traumatic stress disorder ("PTSD"), for which he receives full disability payments from the Veterans Administration.[1] Additionally, due to kidney failure, he must receive dialysis three times per week, and he takes approximately ten medications every day. Hall testified that he attends Alcoholics Anonymous meetings, meetings for his PTSD, and takes a class to help with his suicidal tendencies. His conditions require him to be on a "diabetes" diet, which his wife prepares for him. She also manages his medications.

During the hearing, Hall stated that he understood the range of punishment the court could impose and acknowledged his prior driving under the influence convictions from 1974, 1982, and 1983, and his prior conviction for aggravated sexual assault of a child. Hall then asked the court to "think outside the box" by considering his medical and psychological needs when considering his sentence. Hall requested probation, noting that he would follow any orders of the trial court, would sell his truck to pay court costs, would surrender his driver's license, would engage in a "large amount" of community service, and would register as a sex offender.

---

[1] Hall testified that he served in the United States Marines.

The trial court accepted his plea and sentenced him to five years in the Texas Department of Corrections—Institutional Division. On appeal, Hall argues that this sentence constitutes cruel and unusual punishment in violation of the eight and fourteenth amendments to the United States Constitution and article one, section 13 of the Texas Constitution. *See* U.S. CONST. amends. VIII, XIII; TEX. CONST. art. I, § 13.

## II. DISCUSSION

The State argues that Hall failed to properly preserve his complaint for our review. We agree.

"To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling." *Trevino v. State*, 174 S.W.3d 925, 927 (Tex. App.–Corpus Christi 2005, pet. ref'd). Constitutional claims may be waived when a party fails to object. *Id.* (citing *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)); *see Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.–Houston [1st Dist.] 1997, pet. ref'd) (holding waiver where party failed to object to disproportionality of sentence); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.–Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object). However, "a party is not required to make a contemporaneous objection to the imposition of an illegal sentence. Thus, an appellate court that otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence." *Trevino*, 174 S.W.3d at 928 n.4 ("A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal.") (internal citations omitted).

3

In the present case, Hall did not object to the trial court's sentence during the hearing. In fact, Hall made no objection to the sentence "in any post-trial motion, on any grounds, nor did he ever lodge an objection, under constitutional or other grounds, to the alleged disparity, cruelty, unusualness or excessiveness of the sentences." *Id.* at 927. Additionally, the sentence imposed is not illegal and is within the punishment range provided by statute. *See* TEX. PENAL CODE ANN. § 12.34 (Vernon 2003) (providing a punishment range for third degree felonies of two to ten years imprisonment and a fine of not more than $10,000); *id.* § 49.09(b)(2) (making a third conviction for driving while intoxicated a third-degree felony). Because Hall failed to object to the trial court's sentence, and "[b]ecause the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [Hall] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection." *Trevino*, 174 S.W.3d at 927-28 (citing *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (en banc)). Hall's issue is overruled.

### III. CONCLUSION

Having overruled Hall's only issue, we affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
See TEX. R. APP. P. 47.2(b)

Memorandum Opinion delivered and
filed this the 14th day of May, 2009.

4