NUMBER 13-07-00060-CR


 

COURT OF APPEALS


 

THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TOM HALL, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Benavides


Memorandum Opinion by Justice Benavides



 Appellant, Tom Hall, Jr., appeals from a plea of guilty and a trial-court-imposed
sentence of five years in prison. See Tex. Penal Code Ann. §§ 49.04 (Vernon 2003), 
49.09(b)(2) (Vernon Supp. 2008). On appeal, Hall raises one issue. We affirm.


I. Background

 On January 20, 2006, Hall was arrested for driving while intoxicated. See id. §
49.04. Hall was stopped by the police after he made contact with the bumper of a
motorcyclist who was stopped in traffic. Hall's blood-alcohol level was 0.24 grams of
alcohol per 100 milliliters, which is three times the legal limit. See id. § 49.01(2)(B) (Vernon
2003).

 On January 10, 2007, the trial court held a hearing on Hall's guilty plea. Hall
testified that he suffers from post-traumatic stress disorder ("PTSD"), for which he receives
full disability payments from the Veterans Administration. (1) Additionally, due to kidney
failure, he must receive dialysis three times per week, and he takes approximately ten
medications every day. Hall testified that he attends Alcoholics Anonymous meetings,
meetings for his PTSD, and takes a class to help with his suicidal tendencies. His
conditions require him to be on a "diabetes" diet, which his wife prepares for him. She also
manages his medications. 

 During the hearing, Hall stated that he understood the range of punishment the
court could impose and acknowledged his prior driving under the influence convictions from
1974, 1982, and 1983, and his prior conviction for aggravated sexual assault of a child. 
Hall then asked the court to "think outside the box" by considering his medical and
psychological needs when considering his sentence. Hall requested probation, noting that
he would follow any orders of the trial court, would sell his truck to pay court costs, would
surrender his driver's license, would engage in a "large amount" of community service, and
would register as a sex offender.

 The trial court accepted his plea and sentenced him to five years in the Texas
Department of Corrections--Institutional Division. On appeal, Hall argues that this
sentence constitutes cruel and unusual punishment in violation of the eight and fourteenth
amendments to the United States Constitution and article one, section 13 of the Texas
Constitution. See U.S. Const. amends. VIII, XIII; Tex. Const. art. I, § 13. 

II. Discussion The State argues that Hall failed to properly preserve his complaint for our review. 
We agree.

 "To preserve an error for appellate review, a party must present a timely objection
to the trial court, state the specific grounds for the objection, and obtain a ruling." Trevino
v. State, 174 S.W.3d 925, 927 (Tex. App.-Corpus Christi 2005, pet. ref'd). Constitutional
claims may be waived when a party fails to object. Id. (citing Smith v. State, 721 S.W.2d
844, 855 (Tex. Crim. App. 1986)); see Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.-Houston [1st Dist.] 1997, pet. ref'd) (holding waiver where party failed to object to
disproportionality of sentence); Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.-Corpus
Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument
by failing to object). However, "a party is not required to make a contemporaneous
objection to the imposition of an illegal sentence. Thus, an appellate court that otherwise
has jurisdiction over a criminal conviction may always notice and correct an illegal
sentence." Trevino, 174 S.W.3d at 928 n.4 ("A sentence outside the maximum or
minimum range of punishment is unauthorized by law and therefore illegal.") (internal
citations omitted). 


 In the present case, Hall did not object to the trial court's sentence during the
hearing. In fact, Hall made no objection to the sentence "in any post-trial motion, on any
grounds, nor did he ever lodge an objection, under constitutional or other grounds, to the
alleged disparity, cruelty, unusualness or excessiveness of the sentences." Id. at 927. 
Additionally, the sentence imposed is not illegal and is within the punishment range
provided by statute. See Tex. Penal Code Ann. § 12.34 (Vernon 2003) (providing a
punishment range for third degree felonies of two to ten years imprisonment and a fine of
not more than $10,000); id. § 49.09(b)(2) (making a third conviction for driving while
intoxicated a third-degree felony). Because Hall failed to object to the trial court's
sentence, and "[b]ecause the sentence imposed is within the punishment range and is not
illegal, we conclude that the rights [Hall] asserts for the first time on appeal are not so
fundamental as to have relieved him of the necessity of a timely, specific trial objection." 
Trevino, 174 S.W.3d at 927-28 (citing Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App.
2000) (en banc)). Hall's issue is overruled.

III. Conclusion

 Having overruled Hall's only issue, we affirm the judgment of the trial court.


 __________________________

 GINA M. BENAVIDES,

 Justice


Do not publish.

See Tex. R. App. P. 47.2(b)


Memorandum Opinion delivered and 

filed this the 14th day of May, 2009.

 
1. Hall testified that he served in the United States Marines.