

# NUMBER 13-13-00076-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**JOHN CHRISTOPHER CANNON,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

### On appeal from the 413th District Court
### of Johnson County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion Justice Longoria

By three issues, appellant, John Christopher Cannon, challenges his sentence for theft of property less than $1,500 with two prior convictions and evading arrest with a vehicle with one prior conviction for the same offense. *See* TEX. PENAL CODE ANN. §§ 31.03(e)(4)(D), 38.04(b)(2)(A) (West Supp. 2011). The charges were enhanced to

second and first degree felonies, respectively, by two enhancement paragraphs each. *See id.* § 12.42 (West Supp. 2011). We affirm.

## I. BACKGROUND[1]

An employee at a Target store in Burleson, Texas called police after observing appellant open two packages of perfume with a knife. Terry Hambley, a city marshal, approached appellant as he was leaving the store and asked to talk to him. Hambley testified that he identified himself as a peace officer and asked to speak to appellant. Appellant attempted to avoid him by hiding behind his car. Hambley demanded to see appellant's hands but appellant jumped in his car and drove out of the parking lot. A high-speed car chase ensued that ended when appellant hit a telephone pole while turning. Appellant continued fleeing on foot until Burleson City Police Officer Nicholas Littlejohn caught up with appellant and arrested him.

The State indicted appellant for theft of less than $1,500 with two prior convictions and evading arrest by means of vehicle. *See id.* §§ 31.03(e)(4)(D), 38.04(b)(2)(A). The State alleged two enhancement paragraphs for each offense and sought an affirmative finding that appellant used or exhibited a deadly weapon in committing the offense of evading arrest.

Appellant entered an open plea of guilty to both charges, pleaded "true" to all enhancement paragraphs and to the State's proposed deadly weapon finding, and elected for the trial court to assess his punishment. The trial court assessed imprisonment for twenty years on the first count and for fifty years on the second count. The trial court ordered the sentences to run concurrently. Appellant filed a motion for

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

2

new trial that was overruled by operation of law. *See* TEX. R. APP. P. 21.8. This appeal followed.

## II. DISCUSSION

### A. Cruel and Unusual Punishment

By his first issue, appellant argues that the trial court's sentence, although within the statutory range, was so "grossly disproportionate" to the offenses that it constituted cruel and unusual punishment under the United States Constitution. *See* U.S. CONST. amend. VIII.

In order to preserve most errors for appellate review, a party "must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling." *Trevino v. State*, 174 S.W.3d 925, 927 (Tex. App.—Corpus Christi 2005, pet. ref'd); *see* TEX. R. APP. P. 33.1(a). This requirement applies to a claim that appellant's sentence is so grossly disproportionate to the offense that it constitutes cruel and unusual punishment. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Trevino*, 174 S.W.3d at 927–28; *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *see Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that a cruel and unusual punishment claim can be waived by failing to object). In this case, appellant did not make an objection to the trial court when the sentence was pronounced or in his motion for new trial. Accordingly, we hold that appellant failed to preserve error. *See Trevino*, 174 S.W.3d at 927–28; *see also Gertz v. State*, No 10-11-008-CR, 2012 WL 3799146, at *2 (Tex. App.—Waco 2012, no pet.) (mem. op.) (not designated for publication).

We overrule appellant's first issue.

## B. Predetermined Sentence

By his second issue, appellant argues the trial court violated his right to due process by arbitrarily refusing to consider the full range of punishment and assessing a "predetermined sentence." *See Ex parte Brown*, 158 S.W.3d 449, 456–57 (Tex. Crim. App. 2005). Again, a defendant must raise an objection to the trial court in order to preserve a claim of this nature for appellate review. *See Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002) (holding that appellant waived his objection that the trial court's imposition of "zero tolerance probation" violated his due process rights by not objecting during the sentencing hearing); *Harris v. State*, 160 S.W.3d 621, 625–26 (Tex. App.—Waco 2005, pet. struck) (op. on remand). Appellant does not direct us to any point in the record where he objected to the trial court's sentence on this ground, and we find none. Accordingly, we conclude that appellant did not preserve this issue for our review.[2]

We overrule appellant's second issue.

## C. Involuntary Plea

By his third issue, appellant argues that his plea was involuntary because the State failed to fulfill the terms of its plea agreement. The record reflects that appellant was offered a plea bargain of twenty years' imprisonment on both counts but rejected it and elected to enter an open plea. Appellant's contention therefore has no merit because there was no plea agreement with the State.

---

[2] Even if appellant did preserve error, appellant does not explain how the trial court "predetermined" appellant's case. Instead, appellant repeats the arguments he raised in his first issue that the sentence was disproportionate because the record does not show a "particularly egregious offense or violation" and because appellant showed remorse and took responsibility. We have already held that appellant did not preserve those arguments for appellate review. *See* TEX. R. APP. P. 47.1.

4

We overrule appellant's third issue.

## III. Conclusion

We affirm the judgment of the trial court.

_____
NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
15th day of August, 2013.