**Rene SOLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–96–00085–CR, 01–96–00086–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 24, 1997.

Discretionary Review Refused
Aug. 13, 1997.

**2.** We do not reach the merits of points of error two through 31 based on our disposition of point of error one.

Sharon Slopis, Houston, for Appellant.

Bonnie Jackson, Houston, for Appellee.

Before TAFT, MIRABAL and WILSON, JJ.

## OPINION

TAFT, Justice.

Appellant, Rene Solis, pled guilty to the offenses of aggravated assault and aggravated robbery, without an agreed recommendation of punishment. The trial court entered a deadly weapon finding in each case and sentenced appellant to 20–years and 40–years confinement, respectively. Appellant complains: (1) the sentences were cruel and unusual violating the federal and state constitutions; and (2) the trial court erred in not sua sponte withdrawing appellant's guilty pleas on the basis that his statements in the PSI indicate his pleas were not knowingly and intelligently entered. We affirm.

### Cruel and Unusual Punishment

In appellant's first and second points of error, he contends his sentences constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and article 1, section 13 of the Texas Constitution. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, sec. 13. Specifically, appellant contends the trial court erred because "appellant's sentences are grossly disproportionate to the offenses" and the court did not "make a threshold comparison

of the gravity of the offenses against the severity of the sentences." *See McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.1992).

■ The State claims appellant has waived any error by raising this argument for the first time on appeal. It is well established that almost every right, constitutional and statutory, may be waived by failing to object. *Smith v. State,* 721 S.W.2d 844, 855 (Tex.Crim.App.1986). To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling desired. TEX.R.APP. P. 52(a). The purpose for the rule is to allow opposing counsel to remove the objection or the trial court to cure any harm. *See Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Crim. App.1977). Appellant did not object in the trial court to the alleged disproportionality of the sentences or the trial court's alleged failure to make a threshold comparison. Appellant has waived any error. *See Chapman v. State,* 859 S.W.2d 509, 515 (Tex.App.— Houston [1st Dist.] 1993), *rev'd on other grounds,* 921 S.W.2d 694 (Tex.Crim.App. 1996) (not objecting that sentence was cruel and unusual waives error); *Cruz v. State,* 838 S.W.2d 682, 687 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd); *Quintana v. State,* 777 S.W.2d 474, 479 (Tex.App.—Corpus Christi 1989, pet. ref'd) (where appellant does not raise issue of cruel and unusual punishment in punishment hearing or motion for new trial the argument is waived). Although the courts in *Cruz* and *Quintana* went on to address the merits, this Court did not do so in *Chapman.*

The cases appellant cites are those in which the statutory scheme calls for an automatic sentence, such as in cases involving the death penalty or habitual offender provisions. *See, e.g., Solem v. Helm,* 463 U.S. 277, 281–82, 103 S.Ct. 3001, 3005, 77 L.Ed.2d 637 (1983) (automatic life sentence without parole for convicted felon with at least three prior felony convictions). In both cases here, the trial court was faced with a discretionary decision in assessing punishments within wide ranges (two to 20 and five to 99 or life). In cases where the sentencing is discretion-

ary, it is reasonable to require a trial objection so that the trial court might have an opportunity to cure any error.

In the present case, counsel for appellant did request the trial court to take into consideration the sentence a co-defendant received and appellant's low I.Q. The trial court's responses to these efforts were not encouraging. Nevertheless, no objection was made to the sentences assessed, nor were motions for new trial filed alleging cruel and unusual sentences.

Under these circumstances, we hold error was not preserved. We overrule appellant's first and second points of error.

### Sua Sponte Withdrawal of Guilty Plea

■ In appellant's third point of error, he contends the trial court erred by not sua sponte withdrawing his guilty pleas on the basis they were not intelligently and knowingly entered. Appellant contends his pleas were involuntary because the pre-sentence investigation report (PSI) contains information allegedly inconsistent with his guilty pleas. Specifically, appellant contends that his statements in the PSI report indicate that he did not intentionally or knowingly cause bodily injury in the aggravated assault case. Appellant stated that he shot a gun into a group of people but did not *know* that he had hit anyone until a few days later. In regard to the aggravated robbery case, appellant denied having a gun and stated that he only acted as a lookout. Appellant also contends that the record shows he did not understand the consequences of his plea.

■ When the record reflects the trial court properly admonished the defendant, there is a prima facie showing the plea was knowing and voluntary. *Smith v. State,* 857 S.W.2d 71, 73 (Tex.App.—Dallas 1993, pet. ref'd). The burden then shifts to the defendant to establish he did not understand the consequences of his plea. *Miller v. State,* 879 S.W.2d 336, (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). Appellant does not contend that the trial court improperly admonished him. The record shows that appellant was properly admonished. Nothing in the statement of facts from either plea pro-

ceeding rebuts the judgments' recitations that appellant's "plea is freely and voluntarily made, and [he] is aware of the consequences of his plea." To the contrary, the statement of facts fully supports the judgments. The plea of guilty documents entitled Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, also support the trial court's determination of voluntariness.

Appellant does not cite any authority supporting his assertion that a plea is involuntary when the PSI contains information that is inconsistent with a plea of guilty. Appellant relies on *Payne v. State,* 790 S.W.2d 649 (Tex.Crim.App.1990) which involved a defendant who pled guilty to aggravated robbery. The sentencing hearing was to the court. *Id.* at 649. When the defendant testified, the court and defense counsel discovered that the gun the defendant used in the robbery was a toy gun. *Id.* at 650. Further questioning revealed that the defendant did not realize it was important whether the gun he used in the robbery was real or a toy. *Id.* at 651. The defendant filed a motion to withdraw his guilty plea, which the trial court denied. *Id.* The Court of Criminal Appeals held that the trial court erred because the defendant's testimony raised an issue about the voluntariness of his guilty plea. *Id.* at 652.

■ *Payne* is distinguishable from this case. First, appellant did not file a motion to withdraw his guilty plea. Second, appellant chose not to testify at sentencing, but entered a judicial confession. A defendant's assertion that the allegations in the indictment are true and correct is a judicial confession. *Dinnery v. State,* 592 S.W.2d 343, 352 (Tex.Crim.App.1979) (opin. on reh'g); *Jones v. State,* 857 S.W.2d 108 (Tex.App.—Corpus Christi 1993, no pet.).

■ A trial court is not required to withdraw a guilty plea sua sponte and enter a plea of not guilty for a defendant when the defendant enters a plea of guilty before the court after waiving a jury, even if evidence is adduced that either makes the defendant's innocence evident or reasonably and fairly raises an issue as to guilt. *Moon v. State,* 572 S.W.2d 681, 682 (Tex.Crim.App.1978); *Edwards v. State,* 921 S.W.2d 477, 480 (Tex.

App.—Houston [1st Dist.] 1996, no writ). It is the trial court's duty to consider the evidence submitted and, as the trier of fact, the court may find appellant guilty of a lesser offense or it may find the defendant not guilty. *Moon*, 572 S.W.2d at 682. Therefore, it would serve no valid purpose for the court to withdraw the guilty plea and enter a not guilty plea when the defendant enters a plea of guilty before the court after waiving a jury. *Id.*

Accordingly, we overrule appellant's third point of error.

### Conclusion

We affirm the trial court's judgments.