Criminal Case Template













COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




SHAWN VANMETER,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00224-CR


Appeal from the


384th District Court


of El Paso County, Texas


(TC# 20000D04070)


O P I N I ON



 This is an appeal from a conviction for two counts of aggravated sexual assault of a
child. Appellant, after a finding of guilty, was sentenced by a jury a term of ten (10) years'
confinement and five (5) year's confinement, to run concurrently, and a fine in the amount
of $10,000. We affirm the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 The record in the instant case shows that Appellant and Julianne VanMeter were
married in 1992. At the time of the marriage, Appellant's step-daughter A.L. was three years
old. Appellant and his wife had a child born in 1993. 

 The record further shows that Appellant molested A.L. on numerous occasions,
although A.L. could not remember precisely when the activity started. A.L. testified that she
did not initially report the molestation because she was afraid that nobody would believe her
or that Appellant would harm her or her family. Julianne VanMeter divorced Appellant for
unrelated reasons in 1996 at which time Appellant moved to Ohio. Appellant would return
to El Paso to exercise his child visitation rights, and did so on Memorial Day weekend in
2000. At the time, A.L. was eleven years old. 

 Appellant is accused of molesting his step-daughter, A.L. on May 27, 2000 during the
Memorial Day weekend. After hearing the outcry from her daughter later that night, Julianne
called the police. The following day, A.L. met with Officer Guillermo Martinez of the El
Paso Police Department. They met at the Advocacy Center for the Children of El Paso in a
private room with no one else being present. Another detective and an assistant district
attorney watched the interview from an adjacent room, through a mirror. The entire
interview between Officer Martinez and A.L. was videotaped. 

 At trial, the videotape of A.L.'s statement to Detective Martinez was admitted into
evidence and played for the jury, over Appellant's hearsay objection. After the videotape
was played for the jury, A.L. testified in person, and fully described the sexual assault in
substantially the same detail as had been disclosed in the videotape interview. Appellant
conducted cross examination. 


II. DISCUSSION


 

 In a single issue on review, Appellant suggests that the trial court erred in admitting
the videotaped interview into evidence since the videotaped testimony constituted hearsay.

 At the outset, we address the State's assertion that Appellant's sole issue is not
preserved for appellate review. We note that at trial, Appellant's sole objection to the
admission of the videotape interview was a general hearsay objection. No objection was
made as to any specific portions of the videotape. In addition, for the first time on appeal,
Appellant suggests that the admissibility of the videotape interview, admitted over his
general hearsay objection, violated his Sixth Amendment right to confrontation of witnesses,
his Fourteenth Amendment right to due process, and his right to due course of law under
Article 1, Sections 9 and 13 of the Texas Constitution.

 With respect to Appellant's complaint of constitutional violations, no objection was
made at the trial court. Tex. R. App. P. 33.1 provides that, to preserve a complaint for
appellate review, the complaint must first be raised to the trial court through an objection,
a request, or a motion. Complaints pertaining to constitutional rights may be waived by
failing to bring them to the trial court's attention. Broxton v. State, 909 S.W.2d 912, 918
(Tex. Crim. App. 1995); Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); Solis
v. State, 945 S.W.2d 300 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd). Appellant's
constitutional complaints are not preserved for appellate review.


 We note that Appellant did object to the admissibility of the videotape testimony on
the basis of general hearsay. No objection was made to any specific portions of the
videotape. The State argues that Appellant failed to preserve error because he did not
specifically object to those portions of the videotape he deemed inadmissible. We agree.
When an exhibit, such as a videotape, contains both admissible and inadmissible evidence,
the objection must specifically refer to the challenged material to apprise the trial court of
the precise objection. Sonnier v. State, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995). In
those instances, when an exhibit contains both admissible and inadmissible evidence, a trial
court may "safely admit it all or exclude it all, and the losing party, no matter who he is, will
be made to suffer on appeal the consequences of his insufficiently specific offer or
objection." Jones v. State, 843 S.W.2d 487, 492 (Tex. Crim. App. 1992), abrogated on other
grounds by Maxwell v. State, 48 S.W.3d 196 (Tex. Crim. App. 2001). Appellant's sole issue
on review is overruled in its entirety.

 Having overruled Appellant's sole issue on review, we affirm the judgment of the trial
court.

June 10, 2004


 RICHARD BARAJAS, Chief Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)