Opinion issued September 16, 2004







                                              



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01255-CR




ADRIAN KEVON HARDY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
 Harris County, Texas
                                         Trial Court Cause No. 950321




MEMORANDUM OPINION
           Appellant, Adrian Kevon Hardy, pleaded guilty to the offense of murder
without an agreed recommendation as to punishment. See Tex. Pen. Code Ann.
§19.02 (Vernon 2003). After appellant had pleaded true to an enhancement
paragraph alleging a prior felony conviction for automobile theft, the trial court
assessed his punishment at 35 years’ confinement. We address whether appellant
preserved his complaint that his sentence is grossly disproportionate to his crime,
constituting cruel and unusual punishment in violation of the Eighth Amendment of
the United States Constitution. See U.S. Const. amend. VIII. We affirm.
Preservation of Error
          The State contends that appellant waived any error as to his punishment’s being
disproportionate because he failed to raise his objection to the punishment severity 
at trial. 
          Constitutional rights, including the right to be free from cruel and unusual
punishment, may be waived. See Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim.
App. 1995) (holding that appellant waived point of error concerning cruel and
unusual punishment by failing to object at trial). At trial, appellant never objected to
the severity of his punishment. Appellant asserts that, under Texas Rule of Appellate
Procedure 33.1(a)(1)(A), it was not necessary for him to object to the severity of his
punishment because punishment was the only issue for the court to consider; thus, his
complaint was apparent from the context of the case. See Tex. R. App. P.
33.1(a)(1)(A). Although rule 33.1(a)(1)(A) provides that an explanation of the
grounds for the ruling sought by the complaining party is not required when “the
specific grounds [are] apparent from the context,” rule 33.1(a)(1) nevertheless
requires that the complaint be “made to the trial court by a timely request, objection,
or motion.” Tex. R. App. P. 33.1(a)(1). In other words, a party must object, but an
explanation of the grounds of that objection may not be necessary, depending on the
context in which the objection is made. Because appellant did not object to the
severity of his punishment, appellant failed to preserve his complaint for appellate
review. Solis v. State, 945 S.W.2d 300, 301-02 (Tex. App.—Houston [1st Dist.]
1997, pet. ref’d).
          We overrule appellant’s sole point of error. 
Conclusion
          We affirm the judgment of the trial court.
          


                                                              Tim Taft
                                                             Justice

Panel consists of Justices Taft, Jennings, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).