Opinion issued July 6, 2007















 



In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00915-CR

NO. 01-06-00916-CR

NO. 01-06-00917-CR

__________


JOSE AMBROSIO TAPIA, Appellant


v.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause Nos. 1053651, 1052493, & 1064778






MEMORANDUM OPINION

 Appellant, Jose Ambrosio Tapia, pleaded guilty, without an agreed punishment
recommendation from the State, to the offense of aggravated assault of a peace
officer (1) and two separate offenses of aggravated robbery. (2) The trial court found
appellant guilty of each offense and assessed his punishment at confinement for life
for each offense, with the sentences to run concurrently. In his sole point of error,
appellant contends that the "trial court erred by assessing a punishment which is
grossly disproportionate to the crime committed." (3)

Factual and Procedural Background


 A Harris County Grand Jury issued a true bill of indictment, accusing appellant
of committing all three offenses over a three month period from November 2005 to
January 2006. In conjunction with his guilty pleas, appellant filed motions for
community supervision and requested a pre-sentence investigation ("PSI") report,
which was filed with the trial court.

 During his punishment hearing, appellant requested that the trial court
"consider 25 years" as an appropriate sentence, while the State requested a life
sentence. At the conclusion of the punishment hearing, the trial court found appellant
guilty of all three offenses, stating that appellant was a "one-man crime spree that
could have taken several victims and by the grace of God didn't." After the trial court
announced appellant's three life sentences, appellant neither objected at the hearing
nor filed a motion for new trial on the grounds that his sentences were grossly
disproportionate or that the sentences were cruel and unusual in violation of the
United States and Texas Constitutions.

Cruel and Unusual Punishment

 In his sole point of error, appellant argues that the trial court erred in assessing
a punishment "which is grossly disproportionate to the crime committed" because
"[he] had no criminal record prior to [his] arrest so he was eligible for probation,"
"[he] never shot anyone with a gun," and "[he] pleaded guilty to the aggravated
robberies and aggravated assault and never denied his guilt while asking the court to
grant him probation." Appellant requests that this Court consider "the gravity of the
robbery and the limited harm done to the [victims]" in determining whether his
sentences were grossly disproportionate.

 Here, appellant was convicted of two separate offenses of aggravated robbery
and one offense of aggravated assault of a peace officer, all of which are first degree
felonies. See Tex. Pen. Code Ann. § 22.02(b)(2)(B) (Vernon Supp. 2006), § 29.03
(Vernon 2003). The punishment for a first degree felony is confinement for life or
any term of not more than 99 years or less than 5 years and, in addition to
imprisonment, punishment by a fine not to exceed $10,000. Id. § 12.32 (Vernon
2003). As noted above, the trial court sentenced appellant to three life sentences, to
run concurrently. Thus, the trial court assessed punishment within the applicable
statutory range.

 The Eighth Amendment of the United States Constitution (4) and Article I, section
13 of the Texas Constitution (5) require that a criminal sentence be proportionate to the
crime for which a defendant has been convicted. Solem v. Helm, 463 U.S. 277, 290,
103 S. Ct. 3001, 3009 (1983); see also Baldridge v. State, 77 S.W.3d 890, 893 (Tex.
App.--Houston [14th Dist.] 2002, pet. ref'd). However, in order to preserve for
appellate review a complaint that a sentence is grossly disproportionate, constituting
cruel and unusual punishment, a defendant must present to the trial court a timely
request, objection, or motion stating the specific grounds for the ruling desired. Tex.
R. App. P. 33.1(a); Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996);
Solis v. State, 945 S.W.2d 300, 301 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd).

 Here, after the trial court announced its sentences at the punishment hearing,
appellant made no objection to the trial court about the punishment assessed, nor did
he assert his complaint in a motion for new trial. See Solis, 945 S.W.2d at 301. 
Accordingly, we hold that appellant has failed to preserve any error for our review.

 We overrule appellant's sole point of error.

 Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.


Do not publish. See Tex. R. App. P. 47.2(b).

1. See Tex. Pen. Code Ann. § 22.02(b)(2)(B) (Vernon Supp. 2006). Trial cause no.
1052493; appellate cause no. 01-06-00916-CR.
2. See id. § 29.03 (Vernon 2003). Trial cause nos. 1053651 and 1064778; appellate
cause nos. 01-06-00915-CR and 01-06-00917-CR.
3. See U.S. Const. amend. VIII; Tex. Const. art. I, § 13.
4. U.S. Const. amend. VIII.
5. Tex. Const. art. I, § 13.