Opinion issued May 24, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-12-00123-CR

———————————

Simon Vargas Fajardo, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 209th District Court

Harris County, Texas



Trial Court Case No. 1312168

 



MEMORANDUM OPINION

Simon
Vargas Fajardo pled guilty to aggravated sexual assault of a child and was
sentenced to forty years’ confinement. Fajardo contends that the sentence is grossly
disproportionate to the offense, constituting cruel and unusual punishment
under the Texas and United States constitutions. We affirm.

Background

          Fajardo
pled guilty to aggravated sexual assault of a child without an agreed recommendation
as to punishment. After a presentence investigation, the trial court held a
sentencing hearing. At the hearing, neither party objected to the presentencing
investigation report or offered any evidence.[1] The trial court sentenced
Fajardo to forty years’ confinement.Fajardo did not object to his sentence.

Fajardo contends the trial court’s punishment was grossly
disproportionate to the crime he committed and thus violated the
Eighth Amendment of the United States Constitution and Article 1, Section 13 of
the Texas Constitution.Fajardo concedes that the
trial court’s sentence is “within the range of punishment authorized by the
Texas Legislature for first degree felonies” and that a punishment within the
statutory range generally is not excessive, cruel, or unusual under the Texas Constitution.
See Delacruz v. State, 167 S.W.3d
904, 906 (Tex. App.—Texarkana 2005, no pet.). He states, however, that his sentence may nevertheless be
grossly disproportionate under the federal constitutional standard.

The State responds that Fajardo waived this alleged error by
failing to make an objection at trial.Fajardo asserts that he may raise his
complaint for the first time on appeal.

Preservation of Error

          To preserve for appellate review a complaint that a sentence amounts to cruel
and unusual punishment, a defendant must present to the trial court a timely
request, objection, or motion stating the specific grounds for the ruling
desired.See Tex. R. App. P. 33.1(a)(1); Noland v. State, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007,
pet. ref’d); Wynn v. State, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston
[1st Dist.] 1997, pet. ref’d). In the
trial court, Fajardo did not object to his sentence or otherwise argue
that his sentence violated his constitutional rights.He therefore failed to
preserve this alleged error.See Noland, 264 S.W.3d at 151; Wynn, 219 S.W.3d at 61; Solis, 945 S.W.2d at 301.

Relying on Meadoux v. State,
325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010), Fajardo argues that he is
entitled to raise his cruel-and-unusual-punishment argument for the first time
on appeal. This Court has repeatedly rejected that argument,
as has our sister court. See Farris v. State, No. 01-11-00942-CR, 2012 WL 1379668,
at *3 (Tex. App.—Houston [1st Dist.] Apr. 19, 2012, no. pet. h.) (mem. op., not
designated for publication); Quezada v. State,
No. 01-11-00262-CR, 2011 WL 6015698, at *1 (Tex. App.—Houston [1st Dist.] Dec.
1, 2011, pet. ref’d) (mem. op., not designated for publication); Williams v.
State, No. 14-11-00139-CR, 2011 WL 6287972, at *2 (Tex. App.—Houston [14th
Dist.] Dec. 15, 2011, pet. ref’d)(mem.
op., not designated for publication);Wilson v. State, No. 14-11-00555-CR, 2011 WL 5006059,
at *1 (Tex. App.—Houston [14th Dist.] Oct. 20, 2011, pet. ref’d)(mem.
op., not designated for publication); see also Ham v. State, 355 S.W.3d 819, 825
(Tex. App.—Amarillo 2011, pet. ref’d). 

Fajardowaived his constitutional
challenges to the severity of his sentence by failing to raise them before the
trial court.

Conclusion

          Fajardo failed to preserve an
appealable error as to the constitutionality of his sentence, which was within
the statutory range of punishment available for the offense he committed.
Accordingly, we affirm the trial court’s judgment. 

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Bland, Massengale, and Brown.

Do
not publish. Tex. R. App. P. 47.2(b).











[1]           The statutory range of punishment for
a first-degree felony is “not more than 99 years or less than 5 years,” with
the option for a fine not to exceed $10,000. See Tex. Penal Code Ann.
§ 12.32 (West 2011).