

NUMBER 13-13-00230-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ISRAEL VELA,                                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                      Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Benavides

By one issue, Israel Vela appeals his conviction and sentence for driving while

intoxicated—third offense, a third-degree felony.   *See* TEX. PENAL CODE ANN. §§ 49.04,

49.09(b)(2) (West, Westlaw through 2013 3d C.S.).   We affirm.

## I. BACKGROUND

The State indicted Vela for driving while intoxicated, which was enhanced by two previous convictions and the habitual offender statute. *See id.* § 12.42(d) (West, Westlaw through 2013 3d C.S.) (increasing the penalty range for a habitual felony offender convicted of a third-degree felony to a term of not less than twenty-five years' imprisonment, but not more than ninety-nine years' imprisonment). Vela pleaded guilty to the offense as charged and pleaded "true" to the two enhancement portions of the indictment. The trial court accepted Vela's plea and held a sentencing hearing in which various witnesses testified, including Vela, who testified in his own defense. The trial court subsequently sentenced Vela to sixty years' imprisonment with the Texas Department of Criminal Justice—Institutional Division. This appeal followed.

## II. PROPORTIONALITY OF SENTENCE

By his sole issue, Vela asserts that the trial court's sentence of sixty years' imprisonment was "an extreme sentence that was grossly disproportionate in comparison to the evidence presented which violated [Vela's Eighth] Amendment protections against cruel and unusual punishment."

### A. Preservation of Error

As a threshold matter, the State argues that Vela did not preserve his issue for appellate purposes because, despite making an objection to the trial court's sentence on grounds that it violated the Eighth Amendment, he did not obtain a ruling from the trial court. We disagree.

To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. *See*

Tex. R. App. P. 33.1(a).   This rule applies to complaints about the disproportionality of a sentence imposed by the trial court on Eighth Amendment grounds.   *See Smith v. State*, 821 S.W.2d 844, 855 (Tex. Crim. App. 1986) ("It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object."); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (finding that appellant failed to object to the alleged disproportionality of the sentences and thereby waived error for review).

In this case, Vela's counsel made two objections—first, on the "reasonableness" of the trial court's sentence and second, under the Eighth Amendment's prohibition against cruel and unusual punishment.   While the State is correct that the trial court did not expressly rule on these objections, we construe the record to show that the trial court implicitly denied Vela's objections by noting the objections on the record and telling his counsel that Vela would be able to address his Eighth Amendment complaints "on appeal."   *See* Tex. R. App. P. 33.1(a)(2) (allowing preservation of error by obtaining an implicit ruling to a party's objection).   Therefore, we hold that Vela properly preserved his issue for our review, and we will now address its merits.

## B. Standard of Review and Applicable Law

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII.   "The concept of proportionality is central to the Eighth Amendment."   *Miller v. Alabama*, 132 S.Ct. 2455, 2463 (2012) (citing *Graham v. Florida*, 560 U.S. 48, 59 (2010)).   "Embodied in the Constitution's ban on cruel and unusual punishments is the 'precept of justice that punishment for crime should be graduated and

3

proportioned to [the] offense.'" *Graham*, 560 U.S at 59 (quoting *Weems v. United States*, 217 U.S. 349, 367 (1910)).

United States Supreme Court cases that have addressed contests to the proportionality of sentences fall within two general classifications: (1) challenges to the length of term-of-years sentences given all the circumstances in a particular case; and (2) cases in which a proportionality standard is implemented by certain categorical restrictions on the death penalty. *Id.* Because Vela's sentence and issue on appeal deals with the first classification, we will only outline that classification for purposes of this opinion. *See* TEX. R. APP. P. 47.1.

In a "term-of-years" proportionality challenge, we consider all of the circumstances of the case to determine whether the sentence is unconstitutionally excessive. *Graham*, 560 U.S. at 59. We begin our analysis with a threshold comparison of the gravity of the offense and the severity of the sentence. *Id.* (citing *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J. concurring)). In the "rare case" in which the threshold comparison "leads to an inference of gross disproportionality," we then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.* If the analysis "validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.*

### C. Discussion

Prior to the present case, Vela had been convicted of the following driving while intoxicated (DWI) charges: (1) a January 27, 1989 misdemeanor DWI, for which he was ordered to pay restitution in the amount of $1,256.40; (2) two November 12, 1990

4

misdemeanor DWIs, for which he was sentenced to forty-five days in jail for each offense; (3) a November 16, 1992 felony DWI, for which he was sentenced to four years in prison; (4) a June 22, 1999 felony DWI, for which he received five years in prison; (5) a June 16, 2003 misdemeanor DWI; and (6) a September 15, 2006 felony DWI with enhanced punishment pursuant to the habitual felony offender statute, *see* TEX. PENAL CODE ANN. § 12.42(d), for which he received the minimum sentence of twenty-five years' imprisonment and was released on parole on June 11, 2011.

In the present case, Vela judicially confessed to driving while intoxicated on December 13, 2012. Corpus Christi Police Officer Joshua Newman investigated this case and testified at the sentencing hearing. Officer Newman stated that Vela admitted to him that he had been drinking and should not have been driving. Furthermore, Officer Newman administered field sobriety tests on Vela, and Vela exhibited a "higher level" of intoxication. Officer Newman testified that he stopped administering the field sobriety tests for Vela's safety. Additionally, the trial court received evidence that Vela had a blood alcohol content level that night of 0.231.[1]

Vela testified during the sentencing hearing that drinking has "tor[n]" his life apart, including his physical health. Vela stated that he was diagnosed with diabetes and that his alcohol use "has made it worse," including the amputation of two fingers and three toes. Vela admitted that his physician has told him to stop consuming alcohol.

On cross examination, Vela testified that he has been admitted into a long-term substance abuse treatment facility in the past, and he also sought treatment for his alcohol

---

[1] In Texas, intoxication is shown by a blood alcohol concentration of 0.08 or more. *See* TEX. PENAL CODE ANN. § 49.01(2)(B) (West, Westlaw through 2013 3d C.S.).

5

abuse while imprisoned. Vela also stated that two of his previous DWI convictions (1992 and 2006) involved accidents. Vela recalled that in the 1992 accident, another automobile flipped, and in the 2006 accident, Vela was hospitalized after hitting a veterinarian with his automobile. Finally, Vela admitted that he received several chances in his previous convictions to receive assistance with his alcohol abuse, but he has failed to control his alcoholism.

The range of punishment for the present case carries a minimum term of incarceration of twenty-five years and a maximum term of life, not to exceed ninety-nine years under the habitual felony offender enhancement statute. *See* TEX. PENAL CODE ANN. § 12.42(d). "The legislative purpose behind the habitual felony-enhancement statute is to punish more harshly persons who repeatedly commit crimes." *Jordan v. State*, 256 S.W.3d 286, 293 (Tex. Crim. App. 2008) (internal citation omitted). "Recognizing that society sanctions increased punishment for habitual offenders, a [fact finder] may be inclined to assess a more lengthy sentence in an effort to conform to society's expectations." *Id.*

Vela was convicted once before in 2006 under the habitual felony-enhancement statute and received the minimum punishment of twenty-five years. In pronouncing its sentence, the trial court recognized alcoholism as a disease and outlined the numerous opportunities in the past that have been presented to Vela in which Vela has failed to rehabilitate himself at the cost of his health and the safety of the public at large. Furthermore, the trial court highlighted Vela's continuous violations of the law for the same offense despite receiving sentences of jail time for the prior offenses. In sum, the trial court stated that Vela's sentence was motivated by a concern for public safety. The

6

trial court stated that it could not take another chance in allowing Vela to put other lives at risk with his behavior.

After considering all of the circumstances of this case and weighing the gravity of Vela's eighth driving-while-intoxicated offense and second habitual offender enhancement with the severity of the trial court's imposition of a sixty-year imprisonment sentence, we conclude that the sentence in this particular case was not unconstitutionally excessive.   *See Graham*, 560 U.S. at 59.   Vela's sole issue is overruled.

### III.    CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
3rd day of July, 2014.