

## NUMBER 13-14-00107-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

REGINOLD JONES A/K/A
REGINOLD ONEAL JONES,                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                      **Appellee.**

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion by Justice Benavides**

This is an appeal from a judgment adjudicating guilt and revoking appellant's community supervision. By one issue, appellant Reginold Jones a/k/a Reginald Oneal Jones asserts that the trial court's sentence of ten years' imprisonment with the Texas Department of Criminal Justice—Institutional Division (TDCJ-ID) was a disproportionate

punishment.   We affirm.

## I.   BACKGROUND

In 2012, a Nueces County grand jury indicted Jones for six counts of indecency with a child, a second-degree felony.   *See* TEX. PENAL CODE ANN. § 21.11 (West, Westlaw through 2013 3d C.S.).   Jones pleaded guilty to all counts.   Pursuant to a plea agreement, the trial court deferred adjudication, and Jones was placed on community supervision for six years with various terms and conditions.

In January 2013, the State filed a motion to revoke Jones's community supervision.   At the hearing on the motion to revoke, Jones pleaded "true" that he (1) tested positive for cocaine and benzodiazepines, (2) did not attend any sessions with the South Texas Substance Abuse Recovery Services, Inc.'s Substance Abuses Inviting Life Program (STSARS SAIL program), and (3) failed to attend sex offender treatment sessions.   Jones pleaded "no contest" to various allegations that he failed to report changes to his residence.   The trial court ordered that Jones be placed in the ISF Substance Abuse probation program.

In January 2014, the State again moved to revoke Jones's community supervision and adjudicate guilt.   At the hearing on the motions, Jones pleaded "true" that he (1) failed to report to his probation officer in July 2013 and August 2013, (2) failed to complete the felony victim impact panel, (3) has not performed any community service, and (4) was unsatisfactorily discharged from the sex offender treatment for failure to attend.   The trial court received testimony from Jones and his probation officer, Carol Harris.   Thereafter, the trial court adjudicated Jones guilty, revoked his community

2

supervision, and sentenced him to ten years' confinement in the TDCJ-ID. This appeal followed.

## II.    DISCUSSION

By his sole issue, Jones contends that the trial court's sentence of ten years' incarceration was disproportionate to his crime and subsequent punishment for violations of his community service.

### A. Preservation of Error

As a threshold matter, the State argues that Jones did not preserve his issue on appeal. *See Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010) ("Preservation of error is a systemic requirement on appeal."). We agree.

To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. *See* TEX. R. APP. P. 33.1(a). This rule applies to complaints about the disproportionality of a sentence imposed by the trial court. *See Smith v. State*, 821 S.W.2d 844, 855 (Tex. Crim. App. 1986) ("It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object."); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston 1997 [1st Dist.], pet. ref'd) (finding that appellant failed to object to the alleged disproportionality of the sentences thereby waived error for review).

Here, no objection was made to the trial court's purported disproportionate sentence. As a result, we hold that Jones's issue is not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Wilson*, 311 S.W.3d at 473–74. Jones's sole issue is overruled.

3

### III. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
4th day of September, 2014.