

## NUMBER 13-14-00144-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JEFFREY WAYNE KALMUS, Appellant,

v.

THE STATE OF TEXAS, Appellee.

On appeal from the 377th District Court
of Victoria County, Texas.

## MEMORANDUM OPINION

Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Benavides

This is an appeal from a judgment revoking appellant Jeffrey Wayne Kalmus's

community supervision and adjudicating guilt. By one issue, Kalmus asserts that the

trial court's sentence of twenty years' imprisonment with the Texas Department of

Criminal Justice—Institutional Division (TDCJ-ID) is cruel and unusual punishment under

the United States and Texas constitutions.    We affirm.

## I.    BACKGROUND

In 2009, a Victoria County grand jury indicted Kalmus for aggravated sexual assault, a first-degree felony.    *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (2)(B) (West, Westlaw through 2013 3d C.S.).    On December 17, 2009, pursuant to Kalmus's plea of guilty to the offense charged, the trial court deferred adjudication and placed Kalmus on community supervision for a period of ten years.    The trial court further ordered that Kalmus comply with fifty-two terms and conditions as part of his community supervision.

On October 28, 2013, the State filed a motion to adjudicate Kalmus's guilt on the grounds that he violated eight terms and conditions of his community supervision, including that he (1) failed to registered as a sex offender; (2) failed to comply with all rules, regulations, and treatment programs for sex offenders and was unsatisfactorily discharged for probation and group violations; (3) accessed the Internet and possessed a cell phone equipped with Internet service; and (4) failed to not view, receive, download, transmit, or possess any type of obscene material as defined by section 43.21 of the penal code.    *See id.* § 43.21 (West, Westlaw through 2013 3d C.S.).

On January 22, 2014, the trial court held a hearing on the State's motion to adjudicate guilt, and Kalmus entered a plea of "not true" to all of the State's allegations. The trial court received evidence and testimony from several witnesses including Wendy Wiant and Delores White, two licensed sex offender therapists who treated Kalmus during his community supervision, and Mindy Pawlik, Kalmus's community supervision officer.    At the conclusion of the hearing, the trial court found that Kalmus violated the

2

four above-referenced terms and conditions of his community supervision, adjudicated him guilty of the underlying offense of aggravated sexual assault, and sentenced him to twenty years' confinement with the TDCJ-ID. This appeal followed.

## II.  DISPROPORTIONATE SENTENCE

By his sole issue, Kalmus asserts that the trial court's assessment of twenty years' incarceration is cruel and unusual punishment pursuant to the United States and Texas Constitutions, *see* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13; and "well established case law" by the Texas and federal courts.

As a threshold matter, the State argues that Kalmus did not preserve his constitutional challenge to the trial court's sentence. *See Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010) ("Preservation of error is a systemic requirement on appeal."). We agree.

To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. *See* TEX. R. APP. P. 33.1(a). This rule applies to complaints about the disproportionality of a sentence imposed by the trial court. *See Smith v. State*, 821 S.W.2d 844, 855 (Tex. Crim. App. 1986) ("It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object."); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston 1997 [1st Dist.], pet. ref'd) (finding that appellant failed to object to the alleged disproportionality of the sentences thereby waived error for review).

Here, Kalmus neither made an objection to the trial court's sentence during the motion to adjudicate guilt hearing nor raised any such objection in a post-trial motion. As a result, we hold that Kalmus's issue is not preserved for our review. *See* TEX. R.

APP. P. 33.1(a); *Wilson*, 311 S.W.3d at 473–74.   We overrule Kalmus's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
11th day of September, 2014.