**Opinion issued November 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

NOS. 01-15-00709-CR

01-15-00710-CR

01-15-00711-CR

———————————

**ROBERT JAMES MARTIN III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case Nos. 74428, 74429 & 74430**

---

**MEMORANDUM OPINION**

Appellant, Robert James Martin III, pleaded guilty to two counts of aggravated robbery and one count of evading arrest in a vehicle. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011) (setting out elements of aggravated robbery); *id.*

§ 38.04 (West Supp. 2016) (setting out elements of evading arrest). The trial court assessed his punishment at forty years' confinement for each of the aggravated robbery charges and ten years' confinement for the evading arrest in a vehicle charge, with the sentences to run concurrently.[1] In one issue, appellant argues that the punishment of forty years' confinement was grossly disproportional and unconstitutional. Concluding that he failed to preserve this complaint for consideration on appeal, we affirm.

## Background

Appellant pleaded guilty to two counts of aggravated robbery and one count of evading arrest and agreed to have his punishment determined by the trial court. At the punishment hearing, the State presented evidence regarding appellant's offenses. The State established that appellant and other suspects were involved in the robbery of an Exxon Handy Stop in Pearland, Texas, on August 13, 2014. Security cameras captured images of appellant brandishing a firearm during the robbery. Appellant was identified by a handprint recovered from the scene of the robbery, and police questioned him regarding this crime. Appellant eventually

---

[1] Trial court cause number 74428 for evading arrest in a vehicle resulted in appellate cause number 01-15-00709-CR. Trial court cause number 74429 for aggravated robbery resulted in appellate cause number 01-15-00710-CR. Trial court cause number 74430 for aggravated robbery resulted in appellate cause number 01-15-00711-CR.

acknowledged some involvement in the crime, telling the police that he became aware of the robbery after it had been committed. He was not arrested at that time.

Ten days later, on August 23, 2014, appellant was involved in a second robbery, during which he again displayed a firearm and robbed people inside a Shop-N-Go convenience store in Pearland, Texas. Law enforcement personnel responded to the scene of the robbery and pursued appellant and the other suspects, who had fled in a vehicle. The suspects drove through residential areas at speeds between eighty and ninety miles per hour. Law enforcement deployed spikes to stop the vehicle, which eventually side-swiped another vehicle, causing an accident. The suspects, including appellant, fled on foot into the residential area before they were eventually captured and arrested.

On May 8, 2015, after he had been released on a bond, appellant was again identified in connection with an armed robbery of a Fuel Expo convenience store in Harris County. The State presented evidence from law enforcement's investigation of all three robberies, including the testimony of the officers involved, evidence collected from the crime scenes, and photographs of appellant taken from his cell phone depicting him posing with a firearm and a stack of money. Appellant pleaded guilty to the two Pearland robberies and to evading arrest in connection with the August 23, 2014 Pearland robbery.

The various complainants from the robberies testified during the punishment hearing. Julio Martinez, his wife, Miroslava Martinez, and their two children, who were eight and eighteen years old at the time, were at the Shop-N-Go during the robbery. Julio testified that appellant threatened him with a firearm, took cash from him, and struck his eight-year-old son on the head with the firearm. Anna Martinez and her two daughters, who were five and two years old at the time, were also at the Shop-N-Go at the time of the robbery. Anna testified that she put her wallet in the trash can because it contained "all the money . . . [they] were going to use for stuff." She also testified that now she is scared when she goes into a store. Jose Morales, the manager of the Shop-N-Go, testified that appellant pointed the firearm at him and that he "felt [the firearm] on [his] head." Morales testified that appellant took money from the store's register.

Appellant presented mitigating evidence in the form of character testimony from coaches and others people involved in his life. He also emphasized that he was seventeen years old at the time of the offenses and that he used an unloaded firearm at the time of the robberies. Appellant also pointed out that he had no criminal record prior to the offenses in question.

At the conclusion of the punishment hearing, the trial court pronounced appellant's sentence. The trial court assessed his punishment at forty years' confinement for each of the two aggravated robberies and ten years' confinement

4

for the evading arrest charge, with the sentences to run concurrently. Appellant did not object to the trial court's assessment of punishment at that time.

Appellant then filed a motion for new trial, asserting generally that "[t]he verdict and sentence in this case are contrary to the law and the evidence[.]" His motion for new trial specifically asserted that his trial counsel advised him to enter an open plea to the court without fully explaining the consequences of the decision, that trial counsel did not file an application for probation so that the court could consider deferred-adjudication probation, and that trial counsel failed to present an adequate defense during the punishment phase of the trial.

At the hearing on the motion for new trial, appellant questioned trial counsel about his advice regarding the various plea options. Trial counsel testified that appellant did not want to have his punishment assessed by a jury and decided to plead guilty to the trial court, and counsel agreed with appellant "after knowing the facts of this case." Counsel believed "that a jury could max him out. The range of punishment was 5 years to life or 99 [years]. I felt a jury might give him a life sentence in this case because of the terrible facts in the case." Counsel testified that he advised appellant that he would not be eligible for deferred adjudication and that the minimum sentence was five years.

The trial court denied the motion for new trial and certified appellant's limited right to appeal his sentence. This appeal followed.

**Waiver of Challenge to Sentence**

In his sole issue on appeal, appellant argues that his sentence was grossly disproportional and unconstitutional. *See, e.g.*, *Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009 (1983) (holding that Eighth Amendment of United States Constitution requires proportionality between criminal sentence and defendant's convicted crime); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding same). The State argues that appellant waived this complaint by failing to object in the trial court. We agree.

A defendant must object when his sentence is assessed or file a motion for new trial to preserve a complaint of cruel and unusual punishment. *See* TEX. R. APP. P. 33.1(a); *Noland*, 264 S.W.3d at 151–52 (holding defendant failed to preserve Eighth Amendment complaint for appeal); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that defendant's failure to object that punishment was cruel and unusual waived error); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding claim of cruel and unusual punishment could not be raised for first time on appeal). Failure to object properly to an error at trial, even a constitutional error, waives the complaint on appeal. *Perez v. State*, 464 S.W.3d 34, 42 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd); *see Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Here, appellant did not object when the trial court pronounced his punishment. Appellant did not raise a specific objection to the length of his sentence in his motion for new trial or at the hearing on the motion for new trial. Appellant cited his trial counsel's failure to properly advise him regarding the consequences of his guilty plea and counsel's failure to obtain deferred-adjudication probation for him. At no time did appellant object on the basis that his punishment was excessive, disproportionate, cruel and unusual, or otherwise a violation of his constitutional rights. *See Sample v. State*, 405 S.W.3d 295, 303–04 (Tex. App.—Fort Worth 2013, pet. ref'd) (holding that appellant failed to preserve his claim under Eighth Amendment when he expressed "shock" at his "situation" but did not raise specific objection claiming that his punishment violated constitutional protections against cruel and unusual punishment).

Nor was the trial court's decision to assess appellant's punishment at forty years' confinement for the aggravated robberies and ten years' confinement for evading arrest fundamental error, as these sentences fall within the applicable statutory punishment ranges. *See* TEX. PENAL CODE ANN. §§ 12.32, 29.03(b) (West 2011) (aggravated robbery constitutes first-degree felony and is punishable by confinement for between five and ninety-nine years); *id.* §§ 12.34, 38.04(b)(2)(A) (evading arrest in vehicle constitutes third-degree felony and is punishable by confinement for between two and ten years); *see also Young v. State*, 425 S.W.3d

7

469, 474 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (concluding that sentence at lower end of statutory range not fundamental error); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd) (holding that complaint of cruel and unusual punishment based on sentence that falls within statutory punishment range does not constitute fundamental error).

We overrule appellant's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Jennings, Keyes, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).