**Affirmed and Memorandum Opinion filed July 16, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-24-00093-CV

## IN THE INTEREST OF H.A.M., A CHILD

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-00557J**

## MEMORANDUM OPINION

This parental termination case involves two children: Mother and Daughter.[1] Mother gave birth to Daughter days after her sixteenth birthday. Four months later Mother was discovered with Daughter at a home raided by the police with a reputation for harboring sex-trafficking activities.

The child-Mother appeals the trial court's order terminating her parental

---

[1] We use pseudonyms or initials to refer to appellant, the child, and other family members. See Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8.

rights to her infant-Daughter on the sole ground that, in light of her age and the collateral consequences of the trial court's endangerment finding, the court's order amounts to "cruel and unusual punishment" in violation of the Eighth and Fourteenth Amendments of the United States Constitution. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Several weeks after Mother was born, the Department removed her from the care of her parents and she was placed in a home with her paternal Great Aunt, a police officer. Between the ages of twelve and thirteen years old Mother was arrested three times on charges of felony auto theft, misdemeanor assault of a family member, and felony theft. There is no record of any conviction.

According to Mother, she was never domestically abused, not disciplined at home, but reported it was horrible living with her Great Aunt, with whom she told investigators she "never got along." Her Great Aunt told investigators she was unable to discipline Mother, that when she had tried to take her iPad away as a disciplinary measure, Mother put Great Aunt in a head lock and "stomped her feet onto her head."

Mother stated she lived on the streets during her pregnancy—a time when she would have been fifteen years old. She reported that for a period of time during her pregnancy she was supported by and lived with a man who she presumed was Daughter's father. She reported she lived in a shelter for the last months of her pregnancy and for a period after Daughter's birth.

Tamela Ludwig, Department supervisor, testified there had been several intakes for Mother, and the first for Mother and Daughter was received January 22, 2022 when Mother and Daughter were living in a shelter; she stated that Mother tested positive for marijuana while in the shelter, and "there was a concern that

2

[Mother] was found in a vehicle, smoking marijuana, and the baby was also in the same vehicle where she was smoking marijuana."

After Mother was kicked out of the shelter for breaking its rules she moved back in with Great Aunt. She later ran away from Great Aunt.

Daughter came into the custody of the Department after she was found in a home with Mother during a raid of the home for known sex trafficking activity. Mother was found caring for the child and was not discovered to be involved in sex trafficking activity.

Following trial, on January 18, 2024, the trial court signed its final decree of termination, terminating the parental rights of Mother and the unknown father. With respect to Mother, the decree found that termination was warranted under sections 161.001(b)(1)(A), (B), (D), and (N) of the Texas Family Code. The decree also found that termination was in the best interest of the child. Tex. Fam. Code. 161.001(b)(1).

## II. ISSUES AND ANALYSIS

Mother does not contest the sufficiency of evidence supporting the trial court's predicate findings pursuant to section 161.001(b)(1)(J)(i), (A), (B), (D), and (N) or the court's best-interest-of-the-child finding. Rather, Mother's sole argument is that her constitutional rights were violated because she was a minor when her parental rights were terminated. Specifically, she contends that the termination of her parental rights is so severe that it is the civil law equivalent of a death penalty case. By analogy to *Roper v. Simmons*,[2] where the United States Supreme Court deemed a state death penalty law unconstitutional for individuals under the age of eighteen, Mother contends on appeal for the first time that so too

---

[2] 543 U.S. 551 (2005).

is termination of the parent-child relationship. While we are skeptical that a minor gets an automatic pass and parental rights of a minor can never be terminated, we need not reach that issue. Like most appellate complaints, to preserve such a constitutional complaint for appeal, Mother was required to first raise the issue in the trial court. Tex. R. App. P. 33.1 (requiring, as a prerequisite to appellate review, that a party present the complaint to the trial court through a timely request, motion, or objection, state the basis for the complaint, and obtain a ruling); *see In re L.M.I.*, 119 S.W.3d at 710–11; *see also In re B.L.D.*, 113 S.W.3d 340, 349–55 (Tex. 2003) (discussing preservation of error in termination cases).

Mother, however, has pointed to no instance in the trial record where her counsel lodged such an objection. To preserve error for appellate review, a party must make a timely, specific objection and obtain a ruling from the trial court. Tex. R. App. P. 33.1. This requirement applies even to errors of constitutional dimension, including those asserting that a sentence is cruel and unusual. *Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd); *Solis v. State,* 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *see also Henderson v. State,* 962 S.W.2d 544, 558 (Tex. Crim. App. 1997). Because we have found no record of Mother's current challenge as having been asserted in the trial court, we conclude the error was not preserved. Tex. R. App. P. 33.1; see also *In re B.L.D.*, 113 S.W.3d at 349–55; see also *Richardson v. State*, 328 S.W.3d at 72 (preservation required in criminal case on challenge based on cruel and unusual punishment).

We therefore overrule Mother's sole issue.

### III. CONCLUSION

Because Mother failed to preserve her sole complaint on appeal by way of a timely objection, request or motion in the trial court, she cannot now complain that

the trial court erred.

/s/    Randy Wilson
Justice

Panel consists of Justices Wise, Bourliot, and Wilson.