# NO. 12-17-00197-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF P.D.W.,* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW* |
| *A JUVENILE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

P.D.W., a juvenile, appeals from the trial court's order committing him to the Texas Juvenile Justice Department (TJJD). In one issue, Appellant argues that his disposition is grossly disproportionate to his offense and not in his best interest. We affirm.

## BACKGROUND

At his original adjudication hearing, P.D.W. was found to have engaged in delinquent conduct by grabbing his mother's breast and sexual organ, pinning her to the bed, stating that he wanted to have sex with her, and threatening her by saying that she would have sex with him one way or another. Had he been an adult, this conduct could have constituted a second degree felony.[1] The trial court ordered that P.D.W. be placed on probation until his eighteenth birthday and admitted to G4S Youth Services until he successfully completed their program. P.D.W. was unsuccessfully discharged from that program after eleven months.

The State filed a motion to modify the disposition, and P.D.W. was subsequently placed at Grayson County Juvenile Services Bootcamp Sex Offender Program. He was unsuccessfully discharged from that program after about eight months. The State filed another motion to modify the disposition. After a hearing, the trial court ordered P.D.W. committed to TJJD. This appeal followed.

---

[1] *See* TEX. PENAL CODE ANN. §§ 15.01(a), (d) (West 2011); 22.011(a), (f) (West Supp. 2017).

In his sole issue, P.D.W. argues that the trial court violated the constitutional prohibition against cruel and unusual punishment by ordering him committed to TJJD. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Specifically, he contends that the disposition is grossly disproportionate to his offense, considering the facts and circumstances of the offense and in comparison with sentences imposed on other defendants for the same offense. *See Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637 (1983).

The State argues that Appellant failed to preserve error for our review by a timely objection or motion in the trial court. *See* TEX. R. APP. P. 33.1. When a defendant fails to object to the disproportionality of his sentence in the trial court, he forfeits such error on appeal. *See Solis v. State*, 945 S.W.2d 300, 301-02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (Texas cruel or unusual punishment error forfeited where defendant failed to object); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment cruel and unusual punishment error not preserved where defendant failed to object).

Here, Appellant did not make any objection in the trial court regarding the constitutionality of his disposition. Therefore, any error in this regard has been forfeited. *See Solis*, 945 S.W.2d at 301-02; *see also Rhoades*, 934 S.W.2d at 120; *Curry*, 910 S.W.2d at 497. Moreover, after considering P.D.W.'s issue on its merits, we conclude that the disposition about which he complains does not constitute cruel and unusual punishment.

The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666-67, 82 S. Ct. 1417, 1420-21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not

excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In this case, P.D.W. was adjudicated as having engaged in conduct that could constitute attempted sexual assault. The trial court placed him on probation until his eighteenth birthday. After finding that P.D.W. violated a condition of his probation, the trial court ordered him committed to TJJD. Commitment of a juvenile who engaged in felonious conduct to TJJD after a subsequent probation violation is authorized under the juvenile justice code. *See* TEX. FAM. CODE ANN. § 54.05(f) (West Supp. 2017). Therefore, the commitment here is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nonetheless, Appellant contends that commitment to TJJD is a grossly disproportionate penalty considering his circumstances and best interests. Under the three part test originally set forth in *Solem v. Helm*, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We first must determine whether Appellant's disposition is grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estell*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and,

further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, P.D.W.'s conduct was more severe than the combination of offenses committed by the appellant in *Rummel*, yet P.D.W.'s disposition was far less severe than a life sentence like that upheld by the Supreme Court in *Rummel*. P.D.W. was committed to TJJD for only about seven months until his eighteenth birthday. *See* TEX. FAM. CODE ANN. § 54.05(b) (West Supp. 2017) (disposition expires on eighteenth birthday). Thus, it is reasonable to conclude that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is P.D.W.'s disposition in this case. Since the threshold test has not been satisfied, we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *see also Jackson*, 989 S.W.2d at 845-46. Consequently, we cannot conclude that the trial court erred by making a grossly disproportionate disposition in this case.

Nor can we conclude that the trial court's disposition is in error because it is not in P.D.W.'s best interest. In some parts of the family code, the best interests of children are paramount. But in the juvenile justice code, the best interests of children who engage in serious and repeated delinquent conduct are superseded to the extent they conflict with public safety. *In re J.P.*, 136 S.W.3d 629, 633 (Tex. 2004). When a juvenile commits a felony and subsequently violates a condition of his probation, the code allows a trial court to decline giving him third and fourth chances. *Id.* A trial court's decision to commit a child to TJJD for a probation violation is subject to review for abuse of discretion. *Id.* at 632.

Here, the evidence at the modification hearing showed that although the State pursued only one count of attempted sexual assault by P.D.W., he had attempted to sexually assault his mother on several occasions. He also disclosed in treatment that he had repeatedly attempted to force sexual behaviors, such as grabbing and groping, onto girls his age. P.D.W. had been in behavioral treatment intermittently since age four. His treatment records showed a pattern and progression of assaultive, abusive, aggressive, and sexually inappropriate behavior. While P.D.W. was at the Grayson County facility, he showed a pattern of disrespecting the staff and his peers, making racial slurs directed at the staff and his peers, and consistently and intentionally breaking the rules. P.D.W. seemed to understand the lessons he was taught in his counseling sessions, but he failed to apply those skills to his behavior.

After hearing the evidence and arguments of the parties, the trial court found that (1) P.D.W. was in need of rehabilitation, (2) action was required to protect P.D.W. and the public, (3) P.D.W. required a structured therapeutic environment to meet his needs and the needs of the community, and (4) the State made and exceeded all reasonable efforts to establish a least restrictive environment for P.D.W. Under the facts and circumstances of this case, we conclude that the trial court did not abuse its discretion by modifying the previous disposition order to commit P.D.W. to TJJD. *See id.* Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's order committing P.D.W. to TJJD.

GREG NEELEY
Justice

Opinion delivered December 13, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 13, 2017**

**NO. 12-17-00197-CV**

**IN THE MATTER OF P.D.W., A JUVENILE**

Appeal from the County Court at Law
of Anderson County, Texas (Tr.Ct.No. J15-03)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the order of the trial court.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order committing P.D.W. to TJJD **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*