# NO. 12-18-00199-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHASTITY DARE JERNIGAN, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Chastity Dare Jernigan appeals her conviction for aggravated robbery. In one issue, Appellant argues that her sentence constitutes cruel and unusual punishment. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery. Pursuant to a plea agreement with the State, she pleaded "guilty" to the offense, and the trial court deferred a finding of guilt and placed her on community supervision for a term of ten years. Subsequently, the State filed a motion to adjudicate Appellant's guilt. At a hearing on the motion, Appellant pleaded "true" to all eleven alleged violations of her community supervision conditions. The trial court found Appellant "guilty," revoked her community supervision, and assessed her punishment at imprisonment for thirty years. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In her sole issue, Appellant argues that the trial court violated the constitutional prohibition against cruel and unusual punishment by sentencing her to imprisonment for thirty years. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Specifically, she contends that her sentence is

"disproportionate with the technical violations" of her community supervision conditions.[1] She further argues that her punishment is cruel and unusual because she has no prior criminal history and the victim recommended that she serve no prison time.

The State argues that Appellant failed to preserve her error for our review by a timely objection or motion in the trial court. When a defendant fails to object to the disproportionality of her sentence in the trial court, she forfeits such error on appeal. *See* TEX. R. APP. P. 33.1; ***Solis v. State***, 945 S.W.2d 300, 301–02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *see also* ***Rhoades v. State***, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (Texas cruel or unusual punishment error forfeited where defendant failed to object); ***Curry v. State***, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment cruel and unusual punishment error not preserved where defendant failed to object). Here, Appellant did not object in the trial court to the disproportionality of her sentence. Therefore, any error in this regard has been forfeited. *See **id.***

Furthermore, even if Appellant preserved her error, we conclude that her sentence does not constitute cruel and unusual punishment. The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. ***Meadoux v. State***, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing ***Robinson v. California***, 370 U.S. 660, 666-67, 82 S. Ct. 1417, 1420-21, 8 L. Ed. 2d 758 (1962)). The legislature is vested with the power to define crimes and prescribe penalties. *See **Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also **Simmons v. State***, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment assessed within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See **Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis***, 905 S.W.2d at 664.

In this case, Appellant was convicted of aggravated robbery, the punishment range for which is five to ninety-nine years or life in prison. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 29.03(b) (West 2011). Thus, the sentence imposed by the trial court falls within the range set forth

---

[1] The violations include failure to report to her supervision officer, changing residences without notifying her supervision officer, possessing and consuming cocaine, failure to maintain employment, failure to pay fees and restitution, and failure to attend alcohol and drug treatment and alcoholics and narcotics anonymous meetings.

by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant contends that her sentence is grossly disproportionate to her offense because her lack of prior criminal history and the victim's assessment that Appellant is less culpable than her codefendants indicate that she is not a threat to society. We disagree.

Under the three-part test originally set forth in *Solem v. Helm*, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test was modified by Texas courts and the Fifth Circuit Court of Appeals after the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is "grossly disproportionate" to the crime before addressing the second and third elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.— Texarkana 1999, no pet.). This threshold determination is made by comparing the gravity of the offense to the severity of the sentence. *See McGruder*, 954 F.2d at 316.

In determining whether Appellant's sentence is grossly disproportionate, we are guided by the holding in *Rummel v. Estell*. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court considered the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

Here, despite the victim's assertions that Appellant's actions were less culpable than those of her codefendants, her offense is more serious than the combination of offenses committed by the appellant in *Rummel*. The record indicates that Appellant rented a hotel room and lured the

victim inside under false pretenses. Once the victim was inside, three individuals emerged, severely beat and stabbed him, and stole his belongings. At the plea hearing, Appellant admitted that she kicked, punched, and stole from the victim. In explaining to the trial court why community supervision was recommended in the case, the State noted that the victim was reluctant to testify because of the circumstances that led him to enter the hotel room. Additionally, according to the victim, Appellant and one other codefendant were less culpable than the other two. Therefore, although the victim was adamant that the two most culpable codefendants spend time in prison, he was "okay" with Appellant and the fourth codefendant being placed on community supervision. Later, at the hearing on the motion to adjudicate, Appellant retracted her admission that she physically harmed the victim but admitted that she rented the room, knew the plan, and did nothing to stop it.

Regardless of whether Appellant participated in the physical attack on the victim, her offense is more serious than the combination of offenses committed by the appellant in *Rummel*, yet her thirty-year sentence is less severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant here. Therefore, because the threshold test has not been satisfied, we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *see also Jackson*, 989 S.W.2d at 845-46. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered February 6, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

FEBRUARY 6, 2019

NO. 12-18-00199-CR

**CHASTITY DARE JERNIGAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1274-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*