# NO. 12-19-00029-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAWN JEANNETTE DARNELL,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Dawn Jeannette Darnell appeals her conviction for possession of a penalty group one controlled substance in an amount of one gram or more but less than four grams. In one issue, Appellant argues that her sentence constitutes cruel and unusual punishment. We affirm.

## BACKGROUND

In 2013, Appellant was charged by indictment with the third degree felony offense of possession of cocaine in an amount of one gram or more but less than four grams. Appellant pleaded "guilty" to the offense. In 2014, the trial court found Appellant guilty of the charged offense and sentenced her to ten years of imprisonment, but suspended her sentence and placed her on community supervision for seven years. The trial court modified Appellant's community supervision twice because she failed to abide by the terms of her supervision. In 2018, the State filed a motion to revoke Appellant's community supervision because she again failed to comply with the terms of her community supervision in several respects. Appellant pleaded "true" to one of the allegations that she used marijuana and methamphetamine while on community supervision, but "not true" to the remaining allegations. After a hearing, the trial court found several of these allegations to be true, revoked Appellant's community supervision, and sentenced her to eight years of imprisonment. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In her sole issue, Appellant argues that the trial court violated the constitutional prohibition against cruel and unusual punishment by sentencing her to imprisonment for eight years. *See* U.S. CONST. amend. VIII; TEX. CONST. art. I, § 13. Specifically, she contends that her sentence is grossly disproportionate to her offense, considering the facts and circumstances of the offense and compared with sentences imposed on other defendants for the same offense. *See Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637 (1983).

The State first argues that Appellant failed to preserve her error for our review by a timely objection or motion in the trial court. When a defendant fails to object to the disproportionality of her sentence in the trial court, she forfeits such error on appeal. *See* TEX. R. APP. P. 33.1; *Solis v. State*, 945 S.W.2d 300, 301-02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (Texas cruel or unusual punishment error forfeited where defendant failed to object); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment cruel and unusual punishment error not preserved where defendant failed to object). Here, Appellant did not object in the trial court to the disproportionality of her sentence. Therefore, any error in this regard is forfeited. *See id.*

The State argues in the alternative that Appellant's sentence is not grossly disproportionate to her offense. We agree and conclude that even if Appellant preserved error, her sentence does not constitute cruel and unusual punishment. The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666-67, 82 S. Ct. 1417, 1420-21, 8 L. Ed. 2d 758 (1962)). The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment assessed within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

2

In this case, Appellant was convicted of the third degree felony offense of possession of cocaine in an amount of one gram or more but less than four grams, the punishment range for which is two to ten years in prison. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017); TEX. PENAL CODE ANN. § 12.34 (West 2019). Thus, the eight year sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W.2d at 664.

Nevertheless, Appellant contends that her sentence is grossly disproportionate to her offense because she completed a substantial portion of her community supervision and other offenders received shorter sentences for the same offense.[1] We disagree.

In reviewing this case, we first consider whether Appellant's sentence is "grossly disproportionate" to her offense. Under the three-part test originally set forth in *Solem*, the proportionality of a sentence is evaluated by considering: (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test was modified by Texas courts and the Fifth Circuit Court of Appeals after the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is "grossly disproportionate" to the crime before addressing the second and third elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.). This threshold determination is made by comparing the gravity of the offense to the severity of the sentence. *See McGruder*, 954 F.2d at 316.

In determining whether Appellant's sentence is grossly disproportionate, we are guided by the holding in *Rummel v. Estelle*. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court considered the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a

---

[1] Although we decide this case without considering the sentences of other offenders, we note that Appellant offers no support for her contention that other offenders received shorter sentences for the same offense.

3

conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265-66, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284-85, 100 S. Ct. at 1144-45.

In the case at hand, Appellant's offense of possession of a penalty group one controlled substance in an amount of one or more grams but less than four grams is at least as serious as the combination of offenses committed by the appellant in *Rummel*, yet Appellant's eight year sentence is less severe than that upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* was not unconstitutionally disproportionate, neither is the sentence assessed against Appellant here. Therefore, the threshold test has not been satisfied, and we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *see also Jackson*, 989 S.W.2d at 845-46. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2019**

**NO. 12-19-00029-CR**

**DAWN JEANNETTE DARNELL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31532)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*