Opinion filed June 13, 2019



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00171-CR

_____

## FRANKLIN ELVIN FENLEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 26721A**

## M E M O R A N D U M   O P I N I O N

Appellant, Franklin Elvin Fenley, appeals from his conviction for the offense of continuous sexual abuse of a child.  At trial, Appellant pleaded "guilty" to the offense, and the trial court assessed his punishment at confinement for forty years. Now, in one issue on appeal, Appellant contends that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the Constitution

of the United States. We disagree with Appellant's assertion and affirm the trial court's judgment.

*Background Facts*

Appellant was charged by indictment with the offense of continuous sexual abuse of a child. Appellant stipulated to the facts alleged in the indictment as "true" and entered a plea of "guilty" in open court, thereby waiving his right to a jury trial. Following the completion of a presentence investigation report, the trial court held a sentencing hearing. Rick Sanders, a licensed professional counselor and psychotherapist, testified that he provided counseling services to the child victim, K.S. Sanders explained that K.S., who was twelve years old at the time of the abuse, suffers from a range of issues related to the abuse, including significant anxiety, depression, confusion, anger, relationship issues, trust issues, underperformance in school, sleeping and eating issues, and other post-traumatic stress type symptoms. Sanders further explained that numerous "triggers" were present in K.S.'s everyday life, which prevented her from enjoying life as a normal teenager should. Lastly, Sanders testified that K.S. will likely have to deal with issues stemming from the abuse for the rest of her life, with each developmental stage of K.S.'s life presenting a new set of issues.

Appellant also testified at the hearing. Appellant—a former youth minister and certified peace officer—described the abuse as a "mistake" and blamed his actions on his failure to take his bipolar medication at the time. Appellant admitted to having intercourse with K.S. and, when asked how many times it happened, replied: "A lot." Appellant also admitted that he had molested his sister as a child.

After hearing the evidence, and based on Appellant's plea of "guilty," the trial judge found Appellant guilty and sentenced him to confinement for forty years. This appeal followed.

*Analysis*

In one issue on appeal, Appellant now argues that his sentence of confinement for forty years violates his "rights under the Eighth Amendment to the Constitution of the United States to be free from cruel and unusual punishment."  Specifically, Appellant alleges that his sentence of forty years is "constitutionally excessive" because "no physical injury to any person was proven" and because Appellant's apology "plainly illustrates his genuine remorse."  We disagree.

We note at the outset that Appellant did not object to his sentence in the trial court.  Appellant did not object at the time of sentencing or in any posttrial motion, on any grounds, including the grounds that he asserts on appeal.  To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling.  TEX. R. APP. P. 33.1(a).  Therefore, Appellant has failed to preserve error and has waived his complaint on appeal.  *See id.*; *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment issues are forfeited if not raised in the trial court); *Solis v. State*, 945 S.W.2d 300, 301–02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of grossly disproportionate sentence in violation of Eighth Amendment was forfeited by failure to object).

Notwithstanding Appellant's waiver, we conclude that his sentence does not constitute cruel and unusual punishment.  When we review a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  We will not disturb a trial court's decision as to punishment absent a showing of abuse of discretion and harm.  *Id.*  The statutory range of punishment for the first-degree felony offense of continuous sexual abuse of a young child is confinement for twenty-five to ninety-nine years, or life.  TEX. PENAL CODE ANN. § 21.02(h) (West 2019).

It is well settled in Texas that, when a sentence falls within the statutory range of punishment, it is generally not unconstitutional. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). However, a very narrow exception to the general rule exists—an individual's sentence may be unconstitutional, despite falling within the statutory range, if it is grossly disproportionate to the offense. *Solem v. Helm*, 463 U.S. 277, 288 (1983). Nonetheless, "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Id.* at 289–90 (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

"To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Simpson*, 488 S.W.3d at 323 (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). "In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* (citing *Graham*, 560 U.S. at 60). "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.* (citing *Graham*, 560 U.S. at 60).

Here, although Appellant claims that "no physical injury to any person was proven," Sanders testified to the host of issues K.S. is currently suffering from, including significant anxiety, depression, confusion, anger, relationship issues, trust issues, underperformance in school, sleeping and eating issues, and other post-traumatic stress type symptoms. Likewise, Sanders further testified that, for the rest of her life, K.S. is likely to face issues stemming from the abuse she suffered at

Appellant's hands. Thus, not only is Appellant's sentence of confinement for forty years within the lower half of the statutory range of confinement for twenty-five to ninety-nine years, or life, but it is relatively low compared to the potentially lifelong, severe harm inflicted upon K.S. *See* PENAL § 21.02(h). Furthermore, Appellant was the sole cause of the harm inflicted upon K.S. and is fully culpable for the offense. Lastly, although not adjudicated, Appellant admitted that he had previously sexually molested his own sister. Given these factors, we conclude that the trial court did not abuse its discretion in assessing Appellant's punishment at confinement for forty years. *See Simpson*, 488 S.W.3d at 323. Appellant's sentence is not grossly disproportionate to the offense.

Because we have concluded that the sentence is not grossly disproportionate to the offense, we do not compare Appellant's sentence to sentences imposed for similar crimes in Texas or sentences imposed for the same crime in other jurisdictions. *See id.*; *see also Solem*, 463 U.S. at 291–92. Appellant's sole issue is overruled.

*Conclusion*

We affirm the judgment of the trial court.

KEITH STRETCHER

June 13, 2019                                                  JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J., Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.