Opinion issued October 10, 2023



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00056-CR

———————————

**WILLIAM HENDERSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 96103-CR**

---

## MEMORANDUM OPINION

William Henderson pleaded guilty to the offense of evading arrest and was sentenced to 12 years' imprisonment. On appeal, he argues the trial court violated his constitutional rights by assessing a punishment that is grossly disproportionate to the crime committed. We affirm.

## BACKGROUND

David Morse was caught shoplifting from an H-E-B grocery store in August of 2021. As he was leaving the store, a store employee asked to see his receipt, and he fled to the parking lot. He jumped into the backseat of a car in the parking lot that Henderson, the appellant, was driving. Other nearby customers saw what was happening and tried to pull Morse out of the backseat, unsuccessfully. Henderson then sped out of the parking lot and onto State Highway 288.

A police officer located the car Henderson was driving and turned on his emergency lights. Henderson continued to speed away from the officer for the next 15 minutes, traveling at speeds between 90 to 120 miles per hour and at times crossing into the lane of oncoming traffic to pass other vehicles on the road. The chase ended when Henderson ran a red light and crashed into a box truck. Henderson got out of the car and ran away, and he was apprehended about a year later.

Henderson was indicted for the offense of evading arrest and pleaded guilty. He also pleaded "true" to the enhancement of a prior felony conviction for burglary of a habitation, which increased the offense from a third-degree felony to a second-degree felony. He requested that the trial court sentence him. After a punishment hearing, the trial court sentenced Henderson to 12 years' imprisonment in the Texas Department of Criminal Justice–Institutional Division.

**Cruel and Unusual Punishment**

In his sole issue on appeal, Henderson contends that his punishment is grossly disproportionate to the crime he committed and violates the United States and Texas Constitutions' prohibitions against cruel and unusual punishment. Specifically, he argues his sentence was grossly disproportionate for four reasons: (1) he has a limited criminal history of one prior burglary conviction that occurred more than 14 years ago; (2) no one was seriously injured in the collision; (3) he spent over six months in jail awaiting resolution of his charge; and (4) he pleaded guilty to the charged offense and accepted responsibility for his actions. The State contends that Henderson failed to preserve his complaint for appellate review because he did not make a specific objection in the trial court.

*Applicable Law*

Both the United States and Texas Constitutions prohibit cruel and unusual punishment. U.S. CONST. amend. VIII; TEX. CONST. art. I § 13. Generally, these provisions require a punishment to be proportional to the crime committed. *Solem v. Helm*, 463 U.S. 277, 290 (1983); *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997) (interpreting state constitution's provision coextensively with federal counterpart despite minor difference in wording). These provisions do not require strict proportionality, however; they only prohibit extreme sentences that are "grossly disproportionate" to the crime. *State v. Simpson*, 488 S.W.3d 318, 322 (Tex.

3

Crim. App. 2016) (quoting *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality opinion)). A punishment will be grossly disproportionate only in "exceedingly rare" or "extreme" cases. *Id.* at 322–23. Typically, a punishment within the prescribed statutory range of punishment for an offense is not grossly disproportionate, cruel, or unusual. *See id.* at 323.

Most complaints, even constitutional errors, can be waived on appeal if not raised in the trial court. *Garza v. State*, 435 S.W.3d 258, 260–61 (Tex. Crim. App. 2014); *see also Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding defendant waived complaint concerning cruel and unusual punishment by not objecting at trial); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding defendant failed to preserve Eighth Amendment complaint for appeal by not objecting to punishment at trial or asserting complaint in new-trial motion); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (holding defendant's failure to object to sentence as cruel and unusual or raise argument in new-trial motion waived error); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding defendant could not assert cruel and unusual punishment for first time on appeal and waived error by not objecting in trial court).

Generally, to preserve a complaint for appellate review, the record must show that the defendant made the complaint to the trial court by "timely request, objection,

or motion" stating the grounds for the complaint with "sufficient specificity to make the trial court aware of the complaint" and that the trial court either ruled or refused to rule on the request, objection, or motion. TEX. R. APP. P. 33.1(a). To preserve a complaint of cruel and unusual punishment, a defendant must either object when the sentence is assessed or raise the issue in a motion for new trial. *See Guillory v. State*, 652 S.W.3d 923, 929–30 (Tex. App.—Eastland 2022, pet. filed); *Noland*, 264 S.W.3d at 151; *Wynn*, 219 S.W.3d at 61. The purpose of the preservation-of-error rule is to ensure the trial court has an opportunity to correct the error. *Adair v. State*, 673 S.W.3d 348, 352 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.). Simply filing a notice of appeal is not sufficient to preserve error because it does not give the trial court an opportunity to reconsider the proceedings to correct any error. *Id.*

We should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

*Analysis*

The State argues Henderson waived his complaint of cruel and unusual punishment by not raising his complaint with sufficient specificity before the trial court and by not filing a motion for new trial.

The record shows that at the end of the punishment hearing, Henderson accepted the trial court's sentence without objection:

THE COURT: I'm going to assess your punishment at 12 years in the Texas Department of Criminal Justice Institutional Division. . . . Do you have any legal reason why [this] sentence should not be assessed?

THE DEFENDANT: No.

THE COURT: Okay. Then I'm assessing that sentence of 12 years.

On the following day, during a brief posttrial hearing, the trial court explained to Henderson that he had a right to appeal and it was his choice whether to do so. Henderson responded, "Yes, ma'am. I mean, I want to appeal." He did not offer any explanation or reason for appeal. Henderson did not file a motion for new trial.

The trial court appointed a new attorney for Henderson on appeal, who promptly filed a notice of appeal. The notice of appeal does not give any explanation or reason for the appeal. Even if the notice of appeal had raised an argument of cruel and unusual punishment, that would not have been sufficient to preserve error. *See Adair*, 673 S.W.3d at 352 ("[A] notice of appeal is substantively and procedurally distinct from a motion for new trial. In other words, a filing that is merely a notice of appeal cannot double as a motion for new trial[, especially in] determining whether an alleged error has been preserved for appeal . . . .").

At no point during the proceeding or in a motion for new trial did Henderson object to his sentence as cruel and unusual or give the trial court an opportunity to reconsider its decision. Therefore, Henderson has not preserved his sentencing complaint for appeal. *See Guillory*, 652 S.W.3d at 929–30; *Noland*, 264 S.W.3d at 151; *Wynn*, 219 S.W.3d at 61; *see also* TEX. R. APP. P. 33.1(a).

6

Even if Henderson had preserved error, we note that the offense of evading arrest, with a prior conviction enhancement, is a second-degree felony with a punishment range of 2 to 20 years' imprisonment. *See* TEX. PENAL CODE §§ 38.04(b)(2)(A) (offense of evading arrest is third-degree felony if defendant uses motor vehicle while in flight), 12.42(a) (offense of third-degree felony is punishable as second-degree felony if prior felony conviction established), 12.33(a) (second-degree felony is punished by 2 to 20 years' imprisonment). Henderson's punishment of 12 years' imprisonment falls within this statutory range and ordinarily will not be considered grossly disproportionate, cruel, or unusual. *See Simpson*, 488 S.W.3d at 323.

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).